O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSELEE SHOWE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER, a Delaware limited liability company; COMMUNITY LOAN SERVICING, and Does 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.:  2:23-cv-08208-MEMF-AJR<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS [ECF NO. 6]** |

　　　Before the Court is the Motion to Dismiss filed by Defendant Nationstar Mortgage LLC. ECF No. 6. For the reasons stated herein, the Court hereby GRANTING IN PART the Motion to Dismiss.

/ / /

I. **Factual Background**[1]

Plaintiff Roselee Showe ("Showe") is the registered and recorded owner of the property located at 2078 Stanley Avenue, Signal Hill, California 90775 (the "Property"). Compl. ¶ 1. On or about April 5, 2010, Showe obtained a loan with JPMorgan Chase Bank, N.A. ("Chase") for $421,883.00. Compl. ¶ 12. To secure the loan, Showe executed a promissory note and Deed of Trust against the Property. *Id.* Chase transferred the loan and deed of trust to non-party Bayview, which subsequently transferred the loan and deed of trust to Defendant Community Loan Servicing, LLC ("Community Loan") in 2018. Compl. ¶ 4.

Showe suffered financial hardship due to the Covid-19 outbreak, and subsequently applied for loan modification and assistance. Compl. ¶ 14. In March 2020, Showe filed for bankruptcy under Chapter 13, and Community Loan filed a proof of claim in Showe's bankruptcy case. Compl. ¶¶ 15, 16. In June 2020, Showe's bankruptcy plan was approved and confirmed. Compl. ¶ 17. In October 2021, Community Loan approved Showe's loan modification application. Compl. ¶ 18. On or about October 1, 2021, Community Loan and Showe entered into a loan modification agreement with the following terms: (1) Showe's new balance on the loan was $453,215.19; (b) $46,388.73 of the new principal balance was deferred at no interest; (3) the interest rate on the remaining $406,826.46 would be an annual interest rate of 5/375%; and (4) Showe's monthly payment would be $2,063.80. Compl. ¶ 18. Pursuant to the modified agreement, Showe paid Community Loan $2,063.80. Compl. ¶ 20.

Showe dismissed her Chapter 13 bankruptcy case on December 3, 2021. Compl ¶ 20. On April 7, 2022, Kathy A. Dockery, the Chapter Trustee on Plaintiff's Bankruptcy case, submitted a Final Report and Account of Administration with the U.S. Bankruptcy Court. Compl. ¶ 21. In the report, Ms. Dockery stated that out of the asserted claims filed by Community Loan in Showe's bankruptcy, $20,749.94 had been paid to Community Loan. *Id.*

---

[1] The following factual background is derived from the allegations in Plaintiffs' Complaint, ECF No. 1-1 ("Compl."), unless otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

On May 5, 2022, Showe, through her attorney Leo Fasen, sent a letter to Community Loan demanding that the payments by Ms. Dockery be credited toward her new principal balance. Compl. ¶ 21. Community Loan did not respond to the letter, but transferred Showe's loan to Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") on June 1, 2022. Compl. ¶¶ 4, 13, 22. Subsequently, Showe received a billing statement from Nationstar demanding monthly payments of $2,949 per month instead of the previously agreed upon $2,063.80 per month. Compl. ¶ 23. Fasen renewed his demand concerning the bankruptcy credits to Nationstar, but Nationstar refused to honor the credits. Compl. ¶ 24.

## II.  Procedural History

On August 18, 2023, Showe filed her Complaint in the Superior Court of the State of California for the County of Los Angeles. *See* Compl. The Complaint includes the following four causes of action: (1) breach of contract (Compl. ¶¶ 26–31); (2) breach of covenant of good faith and fair dealing (Compl. ¶¶ 32–36); (3) specific performance (Compl. ¶¶ 37–40); and (4) elder abuse (Compl. ¶¶ 41–52).

Nationstar was served with the Complaint on August 30, 2023. ECF No. 1 ("NOR"), ¶ 3. It does not appear that Community Loan has been properly served. NOR ¶ 6. Nationstar thus removed the case to this Court on September 29, 2023, on the basis of diversity jurisdiction. *See generally* NOR.

On October 6, 2023, Nationstar filed the present Motion to Dismiss and an accompanying Request for Judicial Notice. ECF Nos. 6 ("Motion" or "Mot."), 7 ("RJN"). The Motion is fully briefed. *See* ECF Nos. 11 ("Opposition" or "Opp'n"), 13 ("Reply")

## REQUEST FOR JUDICIAL NOTICE [ECF NO. 7]

### I.  Applicable Law

A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may take judicial notice of "undisputed matters of public record," but generally may not take judicial notice of "disputed facts stated in public records." *Lee v. City of*

*Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Public records, including documents on file in federal or state court, are proper subjects of judicial notice. *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

A court may also consider documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'" in deciding a motion to dismiss under the incorporation by reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The incorporation by reference doctrine is appropriate where "the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998) (noting that the incorporation by reference doctrine covers extrinsic evidence provided by a defendant on a Rule 12(b)(6) motion), *superseded by statute on other grounds*.

## II. Discussion

Here, Nationstar asks the Court to take judicial notice of the following exhibits: (1) the Deed of Trust recorded on or about April 23, 2012, in Los Angeles (ECF No. 7-1, "Exhibit 1"); and (2) the Loan Modification Agreement entered on or about October 1, 2021 (ECF No. 7-2, "Exhibit 2").

The Court finds that the Deed of Trust is appropriate for judicial notice as a public record. The Court further finds that the Loan Modification Agreement can properly be considered under the incorporation by reference doctrine. Showe's claims are based, in part, on Nationstar's refusal to honor the Loan Modification Agreement, and no party contests the authenticity of the document. *See* Opp'n (no contest of the Loan Modification Agreement); *see* Compl. ¶ 29 (alleging that Community Loan and Nationstar breached the modified agreement by demanding a different payment than the agreed upon amount). Accordingly, the Court GRANTS the request for judicial notice.

## MOTION TO DISMISS

### I. Applicable Law

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## II.  Discussion

Nationstar argues that Showe has failed to properly plead her breach of contract claim, and that as a consequence, that claim and her dependent breach of implied covenant of good faith and fair dealing should both be dismissed. Nationstar also argues that specific performance is not a separate cause of action, and so Showe's third cause of action for specific performance should also be dismissed. Finally, Nationstar argues that Showe fourth cause of action for financial elder abuse is unviable as a matter of law because it is based on Nationstar's exercise of its rights under the loan modification agreement. As the Court explains in detail below, the Court grants Nationstar's Motion as to Showe's first cause of action for specific performance but denies it as to Showe's other claims.

### A.  Showe has Sufficiently Pleaded a Breach of Contract

To state a claim for breach of contract, a plaintiff must plead (1) the existence of a contract, (2) performance or excuse for nonperformance of the contract; (3) the defendant's breach, and (4) the resulting damage to the plaintiff. *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App.

4th 1171, 1178 (2008). Where a breach of contract claim is based on a written contract, "the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985). At the motion to dismiss stage, a plaintiff must only allege a reasonable interpretation of the contract. *See Hervey v. Mercury Casualty Co.*, 185 Cal. App. 4th 954, 962 (2010) ("'However, when the plaintiff alleges a meaning to the document that is reasonable in light of its terms, the court cannot grant a demurrer but must permit the admission of extrinsic evidence regarding the meaning of the document as intended by the parties.'"); *see also Jamison v. Certain Underwriters at Lloyd's Under Policy No. B0146LDUSA0701030*, 599 F. App'x 720, 721 (9th Cir. 2015) (applying California law in considering the district court's ruling on a motion to dismiss concerning a contract claim).

Nationstar first argues that Showe's Complaint should be dismissed because Showe misstates the loan modification agreement in her Complaint and failed to attach a copy of the loan modification agreement to her Complaint. Mot. at 3. The Court disagrees. Although the loan modification agreement is not attached to the Complaint (despite the Complaint's assertion otherwise, *see* Compl. ¶ 18), the Complaint does not misrepresent the loan modification agreement provisions Showe contends is at issue. *Compare* Ex. 2 at ¶¶ 1–2 (stating new principal, deferment amount, interest amount, and monthly payment of principal and interest) *with* Compl. ¶ 18 (stating same). It is true that the loan modification agreement has other relevant provisions, but this does not render the portion set out in the Complaint a misstatement, as Showe alleges she only owed $2,063.80 under the loan modification agreement. *See* Compl. ¶ 27.

Nationstar next argues that Showe has not fulfilled her contractual obligation to pay for taxes, insurance premiums, assessments or escrow items, and as such, Showe does not properly allege her performance or excuse for nonperformance. Mot. at 3–4. The Court does not find that Showe has failed to properly plead her performance or excuse for nonperformance. Showe's allegation—that she only had to pay $2,063.80 per month under the loan modification agreement—is a plausible reading of the loan modification agreement. As an initial matter, although the loan modification agreement states that the borrower (Showe) is to comply with all other covenants,

agreements, and requirements of the security instrument (deed of trust) including payment of taxes, insurance premiums, assessments, and escrow items, the agreement does not provide the amount that must be paid. Ex. 2 at introduction, ¶ 5. The loan modification further provides that these fees will be paid on the same day payments (the monthly $2,063.80) are due. Ex. 2 at ¶ 9. However, the loan modification agreement does not provide any amount as to these escrow items. It could be that the amount in escrow items that Showe owes is $0.00, and so, Showe's allegation that she only must pay $2,063.80 per month is a plausible reading, which is all Showe needs at this stage. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") .[2] Thus, the Court DENIES Nationstar's Motion.[3]

### B. Specific Performance Is Not a Cause of Action

Nationstar next argues that Showe's cause of action for specific performance should be dismissed because specific performance is a remedy, not a cause of action. Mot. at 5. Showe does not address this argument.

The Court finds that, under California law, specific performance is not a standalone cause of action but a remedy. *Green Valley Landowners Ass'n v. City of Vallejo*, 241 Cal. App. 4th 425, 433. n.8 (2015) ("There are no separate causes of action for specific performance or injunctive relief, which are instead remedies."). The Court thus dismisses Showe's third cause of action for specific performance WITHOUT LEAVE TO AMEND, as no amendment could cure this deficiency.

### C. Showe Sufficiently States a Claim for Elder Abuse

---

[2] Nationstar also argues that it did not breach the loan modification agreement. The Court notes that the breach claim is based on two actions: (1) Nationstar's refusal to credit the $2,063.80 payment towards the principal balance (Compl. ¶ 29) and (2) Nationstar's refusal to credit the principal balance by the $21,398.59 paid by Ms. Dockery. Showe has not shown that this second omission is related to the loan modification agreement, which does not include any terms concerning crediting Showe's account for the balance paid by Ms. Dockery.

[3] Because Showe's claim for breach of good faith and dealing relies on her claim for breach of contract and Nationstar makes the same arguments as to the claim for breach of good faith and fair dealing, that claim also survives.

Under the California Welfare and Institutes Code, financial elder abuse occurs when a person or entity:

> (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.
> (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.
> (3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70.

Cal. Welf. & Inst. Code § 15610.30(a)(1).

To establish "wrongful use," an elder must demonstrate breach of a contract or other improper conduct. *Paslay v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 657 (2016).

Nationstar argues that, as a matter of law, it did not engage in financial elder abuse by trying to enforce the loan modification agreement because Nationstar exercised its rights under the agreement. Mot. at 7. However, Showe's claim is not grounded in the enforcement of the loan modification alone, but in Nationstar's (and Community Loan's) refusal to credit the $21,398.59 paid towards the loan by Ms. Dockery during the bankruptcy. Opp'n 14; Compl. ¶ 43. The Court finds that this could be wrongful use, and as such, DENIES the Motion as to Showe's fourth cause of action for elder abuse.

### III. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Court GRANTS the Motion IN PART and dismisses Showe's claim for specific performance without leave to amend.

IT IS SO ORDERED.

Dated: June 10, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

8